# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# NORTHERN DIVISION

**ERIC MCGEE**                                                                                    **PLAINTIFF**

**V.**                         **NO. 3:22-cv-00158-LPR-ERE**

**PATRICIA MARSHALL,** *et al.*                                                      **DEFENDANTS**

## RECOMMENDED DISPOSITION

**I.      Procedures for Filing Objections:**

This Recommendation for dismissal has been sent to United States District Judge Lee P. Rudofsky. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within 14 days of the date of this Recommendation. If you do not file objections, Judge Rudofsky can adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may waive the right to appeal questions of fact.

**II.     Discussion:**

Willie Lee Williams, an inmate at the Poinsett County Detention Center ("PCDC"), filed this lawsuit *pro se* under 42 U.S.C. § 1983 on behalf of himself, Eric McGee, and Earl Bradly. *Doc. 1*. Pursuant to Court policy, the Court separated

the lawsuit into three separate cases to allow each Plaintiff to pursue his claims in his own lawsuit.

In the complaint, Mr. Williams alleges that Poinsett County officials instructed him to provide another inmate an insulin shot. He sues Administrator Patricia Marshall, Nurse Susan Duffel, Sergeant Matt Hall, and Assistant Administrator Regina Hindman. However, *Mr. McGee* failed to allege how the named Defendants violated *his* constitutional rights.

In a July 18, 2022 Order, the Court advised Mr. McGee that it would postpone the screening process mandated by 28 U.S.C. § 1915A[1] and gave him an opportunity to file an amended complaint to clarify *his* constitutional claims. *Doc. 7*.

The July 18 Order provided Mr. McGee thirty days to file an amended complaint: (1) stating how each individual Defendant *personally* violated his constitutional rights; and (2) explaining the injury Mr. McGee suffered as a result of each Defendant's unconstitutional conduct. *Doc. 7*. The Court cautioned Mr. McGee that, if he failed to file an amended complaint, the Court would screen his original complaint, which was likely to result in the dismissal of some or all of his claims.

---

[1] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints, and to dismiss any claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(a) & (b). When making this determination, a court must accept the truth of the factual allegations contained in the complaint, and it may consider documents attached to the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011).

To date, Mr. McGee has not filed an amended complaint clarifying *his* constitutional claims, and the time to do so has passed. Thus, the Court will screen the original complaint.

Because Mr. McGee fails to allege how any of the named defendants personally violated *his* constitutional rights, Mr. McGee has failed to state a plausible constitutional claim under 42 U.S.C. § 1983 against any of the named Defendants. See *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (to state a constitutional claim against each Defendant, an inmate "must plead that [each Defendant], through [his or her] own individual actions, has violated the Constitution.").

IT IS THEREFORE RECOMMENDED THAT:

1. Mr. McGee's claims be DISMISSED, without prejudice, based on his failure to state a plausible claim for relief against the named Defendants.

2. The Clerk be instructed to close this case.

Dated this 19th day of August, 2022.

_____
UNITED STATES MAGISTRATE JUDGE